# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### 5:18-cv-13-KDB
### (5:13-cr-80-KDB-DSC-1)

| | | |
|---|---|---|
| **DARIUS DONNELL FREEMAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| —————————————————————— | ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Second Amended Motion to

Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 16).[1]

## I.    BACKGROUND

Petitioner was charged along with one co-defendant in the underlying criminal case. The

charges pertaining to Petitioner are: Count (1), armed bank robbery and aiding and abetting the

same (18 U.S.C. §§ 2113(a), 2113(d), and 2); Count (2), possession of a firearm in furtherance of

a crime of violence, *i.e.*, the armed bank robbery charged in Count (1), and aiding and abetting the

same (18 U.S.C. 924(c) and 2); Count (3), carjacking (18 U.S.C. § 2119); and Count (4), possession

of a firearm in furtherance of a crime of violence, *i.e.*, the carjacking charged in Count (3) (18

U.S.C. § 924(c)).  (5:13-cr-80 (CR) Doc. No. 1). Petitioner and his co-defendant were tried together

and the jury found Petitioner guilty of all counts. (CR Doc. No. 47).  The jury made special findings

that: in Count (1), Petitioner "used a dangerous weapon or device either to assault another person

or to put another person's life in jeopardy, or aided and abetted this offense;" and in Count (2),

---

[1] Petitioner's initial § 2255 Motion to Vacate has already been dismissed and denied.  <u>See</u> (Doc. Nos. 1, 4).

1

Petitioner "brandished a firearm during the commission of bank robbery, or aided and abetted this offense." (Id.).

The Presentence Investigation Report (PSR) calculated the base offense level as 20. (CR Doc. No. 76 at ¶ 24). Two levels were added because the offense involved property in the care of a financial institution and two more points were added because the offense involved the carjacking of the vehicle used to carry out the robbery. (CR Doc. No. 76 at ¶¶ 24, 25, 27). The PSR noted as a specific offense characteristic that the offense involved the brandishing and possession of a handgun, however, the enhancement in U.S.S.G. 2B3.1(b)(2)(C) was not added because Petitioner was convicted of violating § 924(c) in relation to this offense. (CR Doc. No. 76 at ¶ 26). This resulted in a total offense level for Counts (1) and (3) of 24. (CR Doc. No. 76 at ¶¶ 39, 42). The term of imprisonment for Counts (2) and (4) was determined by statute. (CR Doc. No. 76 at ¶ 43). Petitioner had four criminal history points and a criminal history category of III. (CR Doc. No. 76 at ¶¶ 58-59). This resulted in an advisory guideline imprisonment range of between 63 and 78 months for Counts (1) and (3), a consecutive sentence between seven years and life for Count (2), and a consecutive sentence of between 25 years and life for Count (4). (CR Doc. No. 76 at ¶¶ 100-03).

In a Judgment entered on June 4, 2015, the Court sentenced Petitioner to 63 months of imprisonment for Counts (1) and (3), concurrent; 84 months for Count (2), consecutive, and 300 months for Count (4), consecutive for a total of 447 months, followed by a total of five years of supervised release. (CR Doc. No. 76 at 80).

Petitioner argued on direct appeal that: the Court erred by denying Petitioner's motion to suppress; Petitioner's § 924(c) convictions must be vacated because bank robbery and carjacking are not crimes of violence; and the Court plainly erred by instructing the jury that bank robbery

2

and carjacking are crimes of violence. The Fourth Circuit Court of Appeals affirmed. United States v. Freeman, 680 F. App'x 181 (4th Cir. 2017).

Petitioner filed the original § 2255 Motion to Vacate in the instant case on January 4, 2018, raising claims that counsel was ineffective with regards to Petitioner's suppression motion. (Doc. No. 1). The Court dismissed and denied the Motion to Vacate because the claims were denied on direct appeal and were conclusively refuted by the record. Freeman v. United States, 2018 WL 2244725 (W.D.N.C. May 16, 2018). The Fourth Circuit dismissed Petitioner's appeal and remanded for the Court to consider Petitioners' Motion for Leave to Amend.[2] United States v. Freeman, 740 F. App'x 303 (4th Cir. 2018). On remand, the Court granted Petitioner leave to amend. (Doc. No. 11). Petitioner's Amended Motion to Vacate was insufficient to proceed and Petitioner was granted the opportunity to amend for a second time. See (Doc. No. 13). The Second Amended § 2255 Motion to Vacate is presently before the Court for consideration. (Doc. No. 16).

Petitioner contends that: (1) trial counsel was ineffective for failing to challenge the Court's finding at sentencing that Petitioner brandished a firearm during the robbery where the jury did not find Petitioner guilty of brandishing, and appellate counsel was ineffective for failing to raise the issue on direct appeal; and (2) the Court erred by finding that the bank robbery and carjacking offenses underlying Petitioner's § 924(c) convictions are crimes of violence under the unconstitutionally vague residual clause, and by instructing the jury that those offenses qualify as crimes of violence rather than leaving the matter for the jury to determine beyond a reasonable doubt.

---

[2] This case was assigned to Judge Robert J. Conrad at that time.

The Government filed a Response arguing that the brandishing claim is meritless and that neither trial nor appellate counsel can be deemed ineffective for failing to raise it, and that the crime of violence issue is procedurally barred and meritless.

Petitioner did not reply.

## II.     SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.     DISCUSSION

## (1)     Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense.  See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell

4

below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The Strickland standard is difficult to satisfy in that the "Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." See Yarborough v. Gentry, 540 U.S. 1, 8 (2003). The prejudice prong inquires into whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In considering the prejudice prong of the analysis, a court cannot grant relief solely because the outcome would have been different absent counsel's deficient performance, but rather, it "can only grant relief under … Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), *vacated on other grounds*, 218 F.3d 310 (4th Cir. 2000).

A criminal defendant's right to the effective assistance of counsel extends to direct appeal. See Douglas v. California, 372 U.S. 353 (1963); see also Evitts v. Lucey, 469 U.S. 387 (1985). As a general matter, a § 2255 petitioner alleging ineffective assistance of counsel must demonstrate: (1) deficient performance – that counsel's performance fell below an objective standard of

reasonableness; and (2) prejudice – a reasonable probability that the result of the proceeding would have different absent counsel's unprofessional errors. See Strickland, 466 U.S. at 668.

Petitioner contends that trial counsel failed to challenge the Court's finding that he brandished a firearm during the robbery at sentencing where the jury did not make such a finding, and that appellate counsel was ineffective for failing to raise the issue on appeal. These claims of ineffective assistance of counsel are conclusively refuted by the record.

Petitioner's contention that the jury did not find that he brandished the firearm during the robbery is belied by the verdict. The jury made special findings with regards to Counts (1) and (2) that Petitioner used and brandished a firearm during the robbery, or aided and abetted the same. (CR Doc. No. 47). Petitioner's contention that he received a sentencing enhancement for the brandishing is mistaken. The PSR noted Petitioner's brandishing of the firearm during the bank robbery but Petitioner's offense level was not enhanced for that special offense characteristic because he was convicted of a violation of § 924(c) in relation to that offense. See U.S.S.G. § 2B3.1(b)(2)(C) (2014) (calling for a five-level increase if a firearm was brandished or possessed during a robbery offense); U.S.S.G. § 2K2.4, app. note 4 (2014) (for violations of § 924(c), "[i]f a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense….").

Trial counsel cannot be deemed ineffective for failing to raise Petitioner's meritless arguments about brandishing. See generally Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) ("this Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success."); Rodriguez v. Bush, 842 F.3d 343, 346 (4th Cir. 2016) (a defendant is not prejudiced by counsel's failure to make a meritless objection). Nor can

appellate counsel be deemed ineffective for failing to raise meritless arguments on direct appeal. Id.; Coley v. Bagley, 706 F.3d 741, 752 (6th Cir. 2013) ("[o]mitting meritless arguments is neither professionally unreasonable nor prejudicial."); see Schneider v. United States, 864 F.3d 518 (7th Cir. 2017) (appellate counsel was not ineffective for failing to raise trial counsel's alleged ineffective assistance on direct appeal because the complaints about trial counsel were meritless). Plaintiff's claims of ineffective assistance of counsel will therefore be denied.

**(2)**     **§ 924(c) Convictions**

Under the terms of § 924(c), a person convicted of a qualifying crime of violence in which a firearm is used, carried, or possessed is subject to a consecutive mandatory sentence of not less than five years' imprisonment, and if the firearm is brandished, a consecutive mandatory sentence of not less than seven years' imprisonment applies. 18 U.S.C. § 924(c)(1)(A)(i)-(ii). A "crime of violence" is defined under § 924(c)(3) as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924. Subsection (A) is known as the force clause and subsection (B) is known as the residual clause. The Supreme Court held in United States v. Davis, 139 S. Ct. 2319 (2019) that § 924(c)(3)(B)'s residual clause is unconstitutionally vague pursuant to the principles set forth in Johnson v. United States, 135 S. Ct. 2551 (2015).

Petitioner contends that his § 924(c) convictions in Counts (2) and (4) should be vacated because the underlying offenses of bank robbery and carjacking are not crimes of violence under § 924(c)'s force clause. He also argues that the Court erroneously removed such finding from the jury by instructing it that those offenses qualify as crimes of violence.

7

It is well settled that a criminal defendant cannot "circumvent a proper ruling ... on direct appeal by re-raising the same challenge in a § 2255 motion." United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013) (quoting United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009)); see also United States v. Roane, 378 F.3d 382, 396 n. 7 (4th Cir. 2004) (noting that, absent "any change in the law," defendants "cannot relitigate" previously decided issues in a § 2255 motion); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.1976) (holding criminal defendant cannot "recast, under the guise of collateral attack, questions fully considered by this court [on direct appeal]").

Petitioner argued on direct appeal that carjacking and armed bank robbery are not crimes of violence for purposes of § 924(c), and that the Court erred by so instructing the jury. See Freeman, 680 F. App'x 181 (4th Cir. 2017). The Fourth Circuit denied these claim because carjacking in violation of § 2119 and armed bank robbery in violation of § 2113(a) and (d) are categorically crimes of violence under § 924(c) pursuant to controlling Fourth Circuit case law, and therefore his claims of error regarding his § 924(c) convictions and the jury instructions entitled him to no relief. Id.; see United States v. Evans, 848 F.3d 242 (4th Cir. 2017); United States v. McNeal, 818 F.3d 141 (4th Cir. 2016). There has been no change in the law that would warrant reconsideration of these issues. Therefore, these claims are barred from § 2255 review and will be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's Second Amended § 2255 Motion to Vacate is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

8

1.    Petitioner's Second Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 16), is **DISMISSED** and **DENIED**.

2.    **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3.    The Clerk is instructed to close this case.

Signed: October 5, 2020

Kenneth D. Bell
United States District Judge

9